

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**SHAWN CHRISTOPHER HILL,**

    Petitioner,

v.                              Criminal No. 4:17cr106

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Shawn Christopher Hill's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 27. Petitioner raises two ineffective assistance of counsel claims for failure to raise objections at sentencing as well as a third claim that appears to assert that Petitioner's sentence is unlawful because it exceeds the statutory mandatory minimum. For the reasons set forth below, Petitioner's § 2255 motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged by Criminal Information with one felony count: Conspiracy to Distribute 100 grams or more of Heroin, in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). ECF No. 1. Petitioner pled guilty to such charge pursuant to a written plea agreement that included the following provisions: (1) the Government would be filing a § 851 information certifying one prior

felony drug conviction, thereby increasing the statutory punishment to a range of ten years to life imprisonment; (2) the parties agreed that Petitioner's sentencing Guidelines would be calculated pursuant to U.S.S.G. § 2D1.1 and that he would receive a 2-level enhancement for possessing a firearm; (3) "the Court has jurisdiction and authority to impose any sentence within the statutory maximum," which in this case was life; (4) "any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court"; (5) "the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness"; and (6) "[t]he United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence." ECF No. 12 ¶¶ 1, 5.

In the presentence investigation report ("PSR") prepared prior to sentencing, Petitioner was identified as a "career offender," and his advisory Guideline range was calculated as 262 to 327 months imprisonment. ECF No. 17 ¶¶ 22, 97-98. The Government filed a position paper indicating no objections to the

PSR and requesting a sentence at the "low end" of the advisory Guideline range. ECF No. 19. Petitioner filed a position paper similarly requesting a low-end sentence. ECF No. 20.

At the sentencing hearing, the Court heard from counsel for both parties, with the Government highlighting the fact that Petitioner had multiple prior convictions for "serious drug trafficking offenses," that his criminal history dated back to age 13, and that he was appropriately categorized as a career offender. ECF No. 30, at 9. In addition to such oral presentation, the Government's position paper highlighted the fact that: (1) Petitioner was released from prison for his most recent drug trafficking conviction in July of 2016, and by his "own admission, he was again distributing controlled substances within less than four months from his release," ECF No. 19, at 3 (emphasis added); and (2) Petitioner possessed a firearm in conjunction with his current drug trafficking crime, creating a "lethal combination that can lead to violence," id.

At the sentencing hearing, defense counsel began by noting that the Government and its agents had been communicating with the defense team, and that Petitioner was "looking forward to a downward departure in the future." ECF No. 30, at 11. Defense counsel further noted that Petitioner fully accepted responsibility, and that while the defense "had hoped to be in a different position" at sentencing, because there was "still more

3

that [Petitioner] could do," counsel was "somewhat reluctant" to address at least one type of departure request at sentencing and believed that "Mr. Hill is best served by . . . waiting until the government is ready and not jeopardizing anything that may happen in the future." Id. at 11-12. In addition to such oral presentation, the written position paper submitted by defense counsel noted that: (1) Petitioner immediately admitted his guilt upon his arrest and "completely cooperated" with federal, state and local authorities; (2) that Petitioner's "prior criminal history unfortunately speaks for itself"; and (3) that Petitioner would like to request a "departure" under the Guidelines, but none of the 5K departure factors are applicable to his case "at the present time." ECF No. 20, at 1-3.

Petitioner timely filed the instant § 2255 motion advancing three claims: (1) his counsel provided ineffective assistance by failing to object at sentencing to "a higher guideline range than was anticipated in the plea agreement," (2) his counsel failed to object to the fact that the sentence imposed exceeded the statutory mandatory minimum, and (3) "whether the original sentence (statutory man. min) comported with the law." Id. The Government filed a brief in opposition addressing all three claims on the merits, ECF No. 31, and Petitioner did not file a reply. Petitioner's pending motion is therefore ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 661-63 (4th Cir. 2007). Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal,"

United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion, see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'") (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and may be necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06 (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of

reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "Vague and conclusory allegations contained in a § 2255 petition" are insufficient to carry a petitioner's burden under Strickland, and such allegations may therefore "be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quotation marks and citation omitted).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

7

professional assistance." Id. Only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). Attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim," as demonstrated by the well-established and consistent Fourth Circuit precedent holding that the law does "not penalize attorneys for failing to bring novel or long-shot contentions." United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014) (citations omitted).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the court need not evaluate the other prong. Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).

## III. DISCUSSION

### A. Deviation from Sentencing "Agreement"

Petitioner's first § 2255 claim argues that defense counsel provided ineffective assistance by failing to object at sentencing to "a higher guideline range than was anticipated in the plea agreement." ECF No. 27, at 4. However, as argued by the Government, the plea agreement does <u>not</u> provide an agreed Guideline range, but instead only provides the <u>statutory</u> penalty requiring "a mandatory minimum term of 10 years" and a "maximum term of life imprisonment." ECF No. 12 ¶ 1. Because the plea agreement is silent as to the Advisory Guideline range, Petitioner fails to demonstrate that counsel was constitutionally deficient for failing to challenge the Guideline range determined at sentencing as being higher than anticipated in the plea agreement.

In addition to the absence of an agreed Guideline range, Petitioner's plea agreement expressly states that Petitioner "understands that the Court has . . . authority to impose any sentence within the statutory maximum," and that "any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, <u>is a prediction, not a promise, and is not binding on . . . the Court</u>." <u>Id.</u> ¶ 5 (emphasis added). Accordingly, even if a non-binding "anticipated" Guideline range

had been included in the plea agreement, defense counsel would not have been constitutionally deficient for failing to challenge the Guideline range determined at sentencing unless he had a viable way to establish that the range calculated by the Probation Officer in the PSR was incorrect. Because even at this late stage, Petitioner fails to offer any argument suggesting that his Guideline range was improperly calculated, he fails to demonstrate constitutionally deficient performance. Additionally, absent a suggestion that his Guidelines were incorrect, Petitioner fails to demonstrate <u>prejudice</u> resulting from counsel's performance.

While not articulated in Petitioner's <u>pro se</u> § 2255 motion, this Court has considered the possibility that Petitioner's first claim is actually intended to argue that counsel was deficient for failing to challenge the career offender Guideline range in light of the fact that the plea agreement includes a statement that arguably suggests that the parties reached a <u>non-binding</u> agreement that Petitioner's Guideline range would be calculated under U.S.S.G. § 2D1.1 (the drug trafficking Guideline). ECF No. 12 ¶ 5. While Petitioner's Guidelines were initially calculated under § 2D1.1, his Guideline range was ultimately driven by U.S.S.G. § 4B1.1 (the "career offender" Guideline).

To the extent such argument is made, first, it is unclear whether the statement in the plea agreement is even intended to be a non-binding "agreement" that § 2D1.1 controls, as such provision

can also be interpreted as referencing § 2D1.1 for the purpose of clarifying that Petitioner <u>would not challenge</u> the 2-level Guideline enhancement for possession of a firearm. However, even if it is assumed in Petitioner's favor that a non-binding agreement to apply <u>only</u> § 2D1.1 existed at the time of the plea, Petitioner has not identified any valid basis for contesting the fact that the career offender Guideline was actually applicable in this case, and in light of both the <u>non-binding</u> nature of any "agreement" that did exist, and this Court's obligation to properly calculate the Guidelines under the rules set forth in the Guidelines, defense counsel was not constitutionally deficient for failing to challenge the Court's <u>proper calculation</u> of the career offender advisory Guideline range. Alternatively, even if this Court assumes deficient performance, Petitioner clearly fails to satisfy the <u>Strickland</u> prejudice prong absent a showing that the Career Offender Guideline range is inapplicable, as any "objection" based solely on a <u>non-binding</u> agreement would have been summarily rejected by this Court. For all of the above reasons, Petitioner's first claim is **DENIED** for failure to satisfy either prong of the ineffective assistance of counsel standard established by <u>Strickland</u>.

### B. Sentence above Mandatory Minimum

Petitioner's second and third claims appear to advance substantially similar arguments, as Petitioner argues in his

second claim that his counsel was ineffective for failing to object to his sentence exceeding the mandatory <u>minimum</u>, and his third claim appears to argue that his sentence is unlawful because it exceeded the mandatory minimum.

Considering Petitioner's third claim for relief, a mandatory minimum sentence established by statute requires a sentencing court to impose a sentence at <u>or above</u> the mandatory minimum, and the minimum required sentence in no way guarantees, or even suggests, that a sentence at such required minimum is appropriate in a given case. See <u>United States v. Hardnett</u>, --F. Supp. 3d--, No. 3:03cr212, 2019 WL 5445887, at *4 (E.D. Va. Oct. 24, 2019) (discussing statutory mandatory minimum sentences in federal drug trafficking cases and describing such provisions as creating "sentencing floors—that a federal judge <u>could not go below</u> unless narrow factual circumstances [a]re present") (emphasis added). Here, Pursuant to 21 U.S.C. § 841(b)(1)(B), and the § 851 information filed by the Government, Petitioner faced a sentence between ten years and life imprisonment, and his sentence of 262 months, which falls within the statutory range, is plainly lawful.[1] Petitioner's third ground for relief is therefore **DENIED**, as it not only fails on its face, but such undeveloped argument

---

[1] To the extent Petitioner's vague argument seeks to challenge the applicability of a ten-year statutory mandatory minimum based on the facts of this case, nothing in the record suggests that such statutory punishment was improperly calculated. 18 U.S.C. §§ 841(b)(1)(B), 851.

constitutes a "[v]ague and conclusory" allegation that "may be disposed of without further investigation by the District Court." Dyess, 730 F.3d at 359.

As to Petitioner's second claim for relief, Petitioner's § 2255 motion does not explain the contours of his claim, but to the extent he similarly argues that his lawyer should have "objected" to the Court imposing a sentence in excess of 120 months (the mandatory minimum) such claim fails for the same reasons discussed immediately above, that is, defense counsel had no valid basis to argue that a sentence over 120 months was unlawful, and thus, she was not constitutionally deficient. Additionally, Petitioner fails to demonstrate that he suffered any prejudice resulting from counsel's failure to advance a meritless argument.

Alternatively, while not specifically argued by the pro se Petitioner, to the extent that Petitioner's argument should be interpreted as challenging his lawyer's failure to request a "variance" sentence below 262 months based on the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), such argument would still fail for reasons similar to those discussed above. Petitioner's counsel acknowledged at sentencing that there was no basis for a departure under the advisory Guidelines (which recommended a sentence of at least 262 months), and her on-the-record statements at the sentencing hearing reveal that she was making a strategic decision not to challenge the Government's

13

sentencing position at that time in an effort to put Petitioner in the best position for a <u>future</u> sentence reduction. Such strategic decision, based on the case-specific record, is entitled to great deference, and the record fails to suggest <u>constitutionally deficient performance</u>. See Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) ("Once counsel conducts a reasonable investigation of law and facts in a particular case, [her] strategic decisions are 'virtually unchallengeable.'") (citation omitted). Accordingly, even if this claim is favorably construed as challenging counsel's failure to argue for a variance, it fails to demonstrate constitutionally deficient performance, as defense counsel was representing a recidivist client that had clearly not been deterred by two prior drug trafficking convictions (to include a prior <u>federal</u> conviction) and it was reasonable to pursue a defense strategy aimed at securing what appears (based on the record at the time) to have been the most likely path to a lower sentence – a motion from the Government at a later date.

Moreover, even if this Court assumes deficient performance (on the speculative assumption that counsel could have argued for a variance sentence without prejudicing <u>in any way</u> the likelihood or extent of a future sentence reduction),[2] Petitioner is unable

---

[2] While, in hindsight, it is easy to hypothesize that defense counsel "could have" argued for a "variance" sentence without hurting Petitioner's chance at a future sentence reduction, such hindsight speculation is fraught with danger, both generally, and on the instant case-specific record involving a prosecution by <u>criminal information</u>. Notably, Petitioner was found to

14

to establish resulting prejudice. As this Court indicated on the record at Petitioner's sentencing hearing, consistent with its sentencing obligations, the Court expressly "considered whether any downward variance should be imposed" based on the record before the Court, and <u>after reviewing the § 3553(a) sentencing factors in detail</u>, the Court determined that a downward variance was <u>not appropriate</u> based on the case-specific record. ECF No. 30, at 14-26. Therefore, particularly in light of the Petitioner's recidivist drug trafficking, as best illustrated by the fact that he began selling narcotics <u>less than four months after his release from imprisonment</u> on his <u>second</u> felony drug trafficking conviction, Petitioner fails to establish a "reasonable probability" of a different outcome had his counsel requested a downward <u>variance</u>. Petitioner's second claim is therefore **DENIED** as it fails to satisfy either prong of <u>Strickland</u>.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DENIED**. Finding that Petitioner has not made a "substantial

---

have possessed a firearm in conjunction with his federal drug trafficking crime, and his counsel secured a benefit in negotiating a plea agreement to a criminal information that did not include a § 924(c) firearm charge, thus avoiding the potential for a mandatory minimum <u>consecutive</u> sentence of five (5) additional years. Having avoided the potential sentencing exposure associated with a § 924(c) charge, it would have been reasonable for defense counsel to question whether any further argument seeking leniency might negatively impact the Government's view regarding a future departure motion. Any hesitancy regarding the potential risk of seeking a sentence below the low-end of the Guidelines was also reasonably informed by the fact that the case-file suggested that an argument for a downward variance likely had little chance of success.

showing of the denial of a constitutional right," a certificate of appealability is also **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within sixty (60) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Newport News, Virginia.

It is so **ORDERED**.

/s/ MSD
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 2, 2020